United States District Court
Southern District of Texas
**ENTERED**
June 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTINE and DENISE MORGAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | |
| PRUDENTIAL LIFE INSURANCE, | § § § § | |
| Defendant, | § | CIVIL ACTION NO. 4:20-CV-01150 |
| PRUDENTIAL LIFE INSURANCE, | § § | |
| Third Party Plaintiff, | § § | |
| v. | § § | |
| LINDA ARRIAZOLA and ELVIA BARRERA, | § § | |
| Third Party Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Pending before the Court is the plaintiffs', Christine and Denise Morgan, motion for summary judgment (Docket No. 37). The third-party defendants, Linda Arriazola and Elvia Barrera, also filed a separate motion for summary judgment seeking identical relief (Docket No. 39). Both parties filed responses and replies (Docket Nos. 43–46). After carefully considering the motions, the responses, the pleadings, the record, and the applicable law, the Court determines that the Morgans' motion for summary judgment should be **GRANTED**, and the third-party defendants' motion should be **DENIED**.

1

## II. FACTUAL BACKGROUND

On or about September 11, 2009, Janie Barrera ("Ms. Barrera"), now deceased, purchased a life insurance policy through her employer, Walgreens. Within a month, she designated her sisters, Linda Arriazola and Elvia Barrera ("Sisters"), as her beneficiaries. In August 2018, however, Ms. Barrera suffered a severe stroke. Approximately a month later, she signed documents that gave a power of attorney over most of her affairs to a friend, Christine Morgan. Over the following weeks, Ms. Barrera took steps to change records that would show she no longer desired that her property and life insurance proceeds go to her Sisters.

### A. Conversations with close associates

After her stroke, Pastor Oliver Stillwell and his wife visited Ms. Barrera several times in the hospital. According to Pastor Stillwell, Ms. Barrera told him and his wife that she wanted the Morgans to receive her estate and leave nothing for the Sisters. In other instances, Ms. Barrera had similar discussions with the Morgans. In private, she repeated the same intentions that she had shared with Pastor Stillwell with Christine. To ensure that her wishes were carried out, she asked Christine to assist her in making the necessary changes.

### B. Written documents

On or about September 12, 2018, Ms. Barrera requested Christine to draft "Janie Barrera's Wishes." That document states that Ms. Barrera wanted Christine Morgan to have ultimate control over her property and assets. On or about October 23, 2018, Ms. Barrera asked the Morgans to draft a document called "Janie Barrera." The handwritten contents of that document addressed certain assets including her life insurance proceeds, 401k, house, car, and personal belongings. Each item was initialed by Ms. Barrera in the presence of the Morgans. In addition, the three, along with two nurses, signed and dated the document.

### C. Phone calls to Walgreens

On or about October 31, 2018, Christine called Walgreens concerning Ms. Barrera's benefits. In the first call, Christine attempted to change the beneficiaries on Ms. Barrera's life insurance policy utilizing her power of attorney. However, the Walgreens representative denied Christine access to its platform to make the changes because Ms. Barrera was not listed as having a power of attorney, pursuant to Walgreen's internal policies.

Christine made a second call to the employee benefits office. On this occasion, and unbeknownst to the Walgreens employee on the phone, Christine represented herself to be Ms. Barrera. Posing as Ms. Barrera, she obtained access to Ms. Barrera's account and added herself and Denise, her sister, as beneficiaries on the policy.

Later that day, Christine called the Walgreens Benefits Department again. On that call, she informed the representative that she was on the phone with Ms. Barrera and at that time, she was in Ms. Barrera's hospital room. After Ms. Barrera gave verbal permission for the benefits department to speak with Christine, Ms. Barrera stated that she wanted the Morgans to be listed as beneficiaries for the policy's proceeds. The representative then confirmed that the Morgans were the beneficiaries on the policy.

### III. PROCEDURAL BACKGROUND

Ms. Barrera died on November 4, 2018. Later that month, Prudential confirmed in writing that the Morgans were the beneficiaries of the policy's proceeds. However, Ms. Barrera's Sisters also made a claim for the proceeds as lawful beneficiaries. Prudential then refused to pay the proceeds to either party. The Morgans filed a suit in the United States District Court for the Eastern District of Texas to enjoin Prudential from paying out proceeds to the Sisters, pursuant to the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132

(a)(1)(B). On March 30, 2020, the Eastern District transferred the case to this Court. Afterwards, Prudential joined the Sisters in the suit and deposited the proceeds into the registry of the Court. Both, the Morgans and the Sisters move for summary judgment claiming to be the proper beneficiaries.

IV. **CONTENTIONS OF THE PARTIES**

    A. **The Morgans' Contentions**

The Morgans move for summary judgment because, they argue, the Sisters are unable to establish a genuine issue of fact concerning whether they are the proper beneficiaries to Ms. Barrera's life insurance policy. Specifically, they claim that pursuant to federal common law, the evidence establishes that Ms. Barrera designated them as beneficiaries to the proceeds of the policy. In fact, she expressed and confirmed her wishes on several occasions, including making the designation during a phone call to the Walgreens Benefits Department.

    B. **The Sisters' Contentions**

The Sisters claim that they are the proper beneficiaries of the life insurance proceeds by default. They assert that the life insurance policy explicitly required Ms. Barrera to re-designate her beneficiary(s) after January 1, 2016. Because she failed to do so in writing after January 1, 2016, they are entitled to the proceeds as Ms. Barrera's surviving heirs.

IV. **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its

motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Hence, summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the "precise manner" in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *See Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case. *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been

established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

## V. ANALYSIS & DISCUSSION

### A. Standing

The Court must address the Sisters' contention that the Morgans lack standing under ERISA to maintain their suit. They contend that the Morgans lack standing because they are not beneficiaries pursuant to 29 U.S.C. § 1132 (a)(1)(B). The Statute states that a party may file an ERISA suit to recover life insurance proceeds due if they are deemed a beneficiary. *Id*. A beneficiary is a person designated by a participant or determined by the terms of the policy. 29 U.S.C. § 1002(8). She can also be a person who is or may become entitled to a policy's proceeds. *Id*.

It is undisputed that in October 2018, the Morgans, whether procedurally correctly or not, were designated as the beneficiaries on Ms. Barrera's life insurance policy. Moreover, the designation was confirmed telephonically by Walgreens. Based on Walgreen's records, Prudential sent a letter to the Morgans recognizing them as beneficiaries and requested that they

decide their preferred form of payment. Thus, the Morgans have standing to file this suit and the Court now proceeds to address the question of whether the Morgans are entitled to the insurance proceeds.

### B. The Substantial Compliance Doctrine

The Court must determine the rightful beneficiaries of the life insurance proceeds. The Sisters contend that they are the proper beneficiaries because the policy states that they are the proper beneficiaries. And, because Ms. Barrera failed to timely change her beneficiary designations, they become beneficiaries by default, under the laws of descent and distribution. The law is clear, they argue, that the life insurance policy's documents control how a beneficiary is determined. Conversely, the Morgans assert that Prudential waived its right to enforce the policy's rules for designating a beneficiary by deferring the outcome of this case to the Court.[1] They also assert that despite Ms. Barrera's failure to comply with the policy's rules, she, nevertheless designated them as beneficiaries prior to her death. Hence, they assert that the substantial compliance doctrine controls.

While Ms. Barrera's policy is statutorily governed by ERISA, the Statute is silent concerning the determination of a beneficiary when two parties dispute a designation. Any state law on the subject is preempted by ERISA. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987). Even though ERISA does not address disputing claims regarding a change of beneficiary, the Supreme Court has filled this void by authorizing the use of federal common law to resolve any designations.

---

[1] The Court does not address the Morgans' waiver contention in detail because the type of waiver alleged applies only to insurance companies, in this case, Prudential. Nonetheless, Prudential did indeed waive its rights to enforce the policy's rules when it interpleaded the proceeds into the registry of the Court. *See Jones v. Bennett*, No. 93-8843, 1994 WL 395195, at *5 (5th Cir. July 1, 1994) (holding a provision that controls beneficiary changes is a rule for the benefit of the insurance company, and is waived if the company interpleads and deposits the policy's proceeds to the court. (citing *Sbisa v. Lazar*, 78 F.2d 77, 78 (5th Cir. 1935))).

7

*See Phoenix Mut. Life Ins. Co. v. Adams*, 30 F.3d 554, 562–65 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 110 (1989).

Recently, the Fifth Circuit followed the Supreme Court's direction concerning the substantial compliance doctrine. In *Hartford Life & Acc. Ins. Co. v. Wilmore*, No. 01-30370, 2002 WL 180363, at *1–2. (5th Cir. Jan. 4, 2002), the Circuit held that the absence of ERISA provisions governing change of beneficiary was of no consequence because federal common law, i.e. the substantial compliance doctrine, applies. In other words, a court will apply the doctrine when a decedent makes an effort to change a beneficiary designation and a dispute arises concerning whether the change was effectual. *See Hartford*, at 2 (citing *Phoenix*, 30 F.3d at 566). The Circuit Court stated that the doctrine applies when an employee/participant intended to change a beneficiary, and she took action in furtherance of that intent. See *Hartford*, at 2 (citing *Phoenix*, 30 F.3d at 565).

The evidence is undisputed that Ms. Barrera attempted to change her designation of beneficiaries. During the last few weeks of her life, she told several people, other than the Morgans, that she did not want her Sisters to have the proceeds and that, instead, she wanted the Morgans to have them. In furtherance of her statements, she signed testamentary-styled-documents that expressed her intent to designate the Morgans.

The Sisters contend—without evidence—that Ms. Barrera's attempts to designate the Morgans as beneficiaries were a result of coercion, duress, and a lack of mental capacity. However, the Court is unpersuaded. The evidence establishes that Ms. Barrera attempted to change her beneficiary designation while in the hospital during the last few weeks of her life. Moreover, there is no evidence that Ms. Barrera's physical limitations affected her mental

capacity. Therefore, the Court holds that Ms. Barrera's attempt to change her beneficiary designations was effectual.

## VI. CONCLUSION

Based on the foregoing analysis and discussion, the Court grants the Morgans' motion for summary judgment and denies the Sisters' motion for summary judgment.

It is so **ORDERED**.

SIGNED on this 22nd day of June, 2021.

Kenneth M. Hoyt
United States District Judge